IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
Senior Judge John L. Kane[1]

Civil Action No. 09-cv-00481-JLK

FEROSA BLUFF (Pro Se),

    Plaintiff,

v.

EDWARD K. BRASS, Attorney,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Ferosa Bluff, a citizen of Utah, initiated the instant action on May 27, 2009, by filing a *pro se* civil rights complaint in the United States District Court for the District of Utah (District of Utah), Central Division. On August 13, 2009, the action was reassigned to me, after the District Judges for the District of Utah recused from the case.

*Background*

On October 29, 1998, Ms. Bluff, Suzanne Federowicz and Andrew G. Federowicz were charged in Salt Lake County District Court with criminal homicide, child abuse and sexual abuse of a child. The charges stemmed from the death of Rebecca Bluff, Ms. Bluff's four year old daughter.

Ms. Federowicz was represented by Ronald J. Yengich, and the charges against Ms. Federowicz were dismissed prior to trial. After a four day jury trial, Ms. Bluff and Mr.

---

[1]The Honorable John L. Kane, Senior United States District Judge for the District of Colorado, sitting by designation.

Federowicz were convicted of the charges against them on July 16, 1999.  Ms. Bluff was represented by Defendant Edward K. Brass during the trial and on direct appeal.

The court dockets[2] for Ms. Bluff and Mr. Federowicz reflect their jury trials and subsequent convictions, but also include docket entries reflecting that Ms. Bluff and Mr. Federowicz were convicted by guilty pleas.  These docket entries are apparently due to a clerical error.

Ms. Bluff's conviction was affirmed on direct appeal, and the United States Supreme Court denied her certiorari petition.  *See State v. Bluff*, 52 P.3d 1210 (Utah 2002), *cert. denied*, 537 U.S. 1132 (2002).

Ms. Bluff filed a petition for post-conviction relief in state court, which was denied.  The Utah Court of Appeals affirmed, and the Utah Supreme Court and the United States Supreme Court denied certiorari.  *See Bluff v. State*, 2004 WL 2404333 (Utah App. Oct. 28, 2004) (unpublished decision), *cert. denied*, 109 P.3d 804 (Utah 2005), and *cert. denied*, 546 U.S. 880 (2005).

Ms. Bluff filed the instant action in the District of Utah on May 27, 2009.  The Court notes that the Complaint consists of 102 pages, and is largely a catalogue of grievances against Defendant Brass and other attorneys, interspersed with various documents pertaining to Ms. Bluff's criminal case.  Ms. Bluff does not provide "a short and plain statement of [her] claim[s] showing that the pleader is entitled to relief," pursuant to Federal Rule of Civil Procedure 8.

---

[2]The Court may take judicial notice of the court proceedings in Ms. Bluff's criminal case and any subsequent litigation in the course of ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See, e.g., Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (collecting cases).

Nonetheless, in general, Ms. Bluff appears to assert that she was convicted by a guilty plea which she did not enter, and that Defendant Brass engaged in a conspiracy with other attorneys, in order to deny Ms. Bluff her right to a fair trial.  Ms. Bluff seeks $10,0400,00 in damages, in addition to the confiscation of Defendant Brass' license to practice law.  Complaint at 99-100.

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 15, 2009, and a memorandum in support of the motion to dismiss on August 4, 2009.  Plaintiff filed a response to the motion to dismiss on August 10, 2009, a memorandum in support of her response on August 17, 2009, and a second memorandum in support of her response on September 2, 2009.

### *Legal Standard*

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted when the complaint contains insufficient allegations of fact "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989).  "Factual allegations must be enough to raise a relief above the speculative level." *Twombly,* 127 S.Ct. at 1965.  "The complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).  Complaints that are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Twombly,* 127 S.Ct. at 1965.

All factual allegations pled in the complaint, other than conclusory ones, are accepted as true and are construed in the light most favorable to the plaintiff.  *Coosewoon v. Meridian Oil*

*Co.,* 25 F.3d 920, 924 (10th Cir. 1994); *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). When evaluating a motion to dismiss for failure to state a claim, the Court cannot consider information outside the complaint without converting the motion to one for summary judgment. *Peterson v. Jensen,* 371 F.3d 1199, 1202 (10th Cir. 2004).

Allegations that are not supported by facts may not be offered or considered. *Fry Bros. Corp. v. Dep't of Hous. and Urban Dev.,* 614 F.2d 732, 733 (10th Cir.1980); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998). The Court, however, is not to assume that the Plaintiff "can prove facts that [she] has not alleged or that the [D]efendant[] [has] violated the state laws in ways that have not been alleged." *Assoc. Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Finally, the Court must construe the Complaint liberally because Ms. Bluff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

*Discussion*

Ms. Bluff asserts jurisdiction pursuant to 42 U.S.C. § 1985, 18 U.S.C. § 241 and 42 U.S.C. § 1983. The Complaint also appears to assert numerous state law claims, including breach of contract, negligence and breach of fiduciary duty. The Court assumes that Ms. Bluff is asserting supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.

4

However, the Complaint and this action will be dismissed, for the reasons set forth below.

First, Ms. Bluff apparently alleges a conspiracy to interfere with the administration of justice in federal and state courts pursuant to 42 U.S.C. § 1985(2). Complaint at 54. Section 1985(2) contains four clauses which create four distinct causes of action. *Wright v. No Skiter, Inc.*, 774 F.2d 422, 425 (10th Cir. 1985) (citations omitted). These are:

> A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, . . . or
>
> B. to injure such party or witness in his person or property on account of his having so attended or testified, or
>
> C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or
>
> D. to injure him or his property for lawfully enforcing . . . the right of any person, or class of persons, to the equal protection of the laws.

*Id.* (citation omitted). Ms. Bluff specifically cites to Clause C of 1985(2) in her Complaint. *See* Complaint at 54. However, a cause of action under Clause C requires that the conspiracy be class-based. *See Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."); *see also Kush v. Rutledge*, 460 U.S. 719, 725-26 (1983); *Steinart v. Winn. Group, Inc.*, 440 F.3d 1214, 1225 n. 13 (10th Cir. 2006). The Tenth Circuit narrowly construes the requirement of class-based animus, *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), and generally courts do not find such motivation "in cases involving allegations of classes that were not readily recognizable or that tended to be defined by one particular activity or by plaintiff's individual situation and that were not traditionally among those groups protected

by the civil rights laws." *Silkwood v. Kerr-McGee Corp.*, 460 F.Supp. 399, 405 (W.D. Okla. 1978). Ms. Bluff does not allege that she is a member of a class protected by section 1985 nor does she allege discriminatory animus. Accordingly, Ms. Bluff has failed to state a claim under 42 U.S.C. § 1985(2).

Second, to the extent Ms. Bluff is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241 and 242, she seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. She may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent she is attempting to do so, Ms. Bluff lacks standing to maintain a criminal action, and she cannot state a claim under 18 U.S.C. § 241.

In addition, the only defendant in this action is Edward K. Brass, the lawyer that represented Ms. Bluff during the course of her criminal case. However, section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v.*

*Cole*, 504 U.S. 158, 161 (1992).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Ms. Bluff must show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Ms. Bluff does not allege that Defendant Brass was acting under color of state law.  Actually, Ms. Bluff acknowledges that Defendant Brass is "a private attorney and not acting under Color of State [law]."  Complaint at 2.  The fact that Ms. Bluff believes her rights have been violated because Defendant Brass was "acting in collusion" with other attorneys involved in her criminal case does not demonstrate that she was denied equal protection or due process by a person acting under color of state law.  *See Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005) (holding "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of §

1983." (quotation omitted)). Further, "when a plaintiff attempts to assert the state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." *Id.* (quotation omitted). Here, Ms. Bluff's conclusory allegations are insufficient to demonstrate that Defendant Brass entered into a conspiracy with the other lawyers involved in her criminal case. Therefore, because Ms. Bluff fails to allege facts that demonstrate Defendant Brass was acting under color of state law, she has failed to state a claim under § 1983.

Based upon the above findings, Ms. Bluff has failed to establish a basis for the Court's jurisdiction. Ms. Bluff's complaint also suffers from other deficiencies. Ms. Bluff seeks money damages for an alleged wrongful criminal proceeding in state court. However, Ms. Bluff may not recover damages for claims that challenge the validity of her conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

A judgment in favor of Plaintiff's claims necessarily would imply the invalidity of her

state court criminal proceedings. Therefore, Plaintiff's claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Accordingly, based upon the above findings, Ms. Bluff has failed to state a claim pursuant to 42 U.S.C. § 1985(2), 18 U.S.C. § 241 and 42 U.S.C. § 1983, and any claims for damages that she brings are barred by the Supreme Court's ruling in *Heck*. The Court also declines to exercise supplemental jurisdiction over Ms. Bluff's state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Therefore, the Complaint and this action will be dismissed.

Finally, Defendant Brass moves the Court for an award of attorneys' fees under 42 U.S.C. § 1983, because he argues that "the complaint is frivolous, groundless and plainly unreasonable." Response at 27. It is well settled that a "prevailing party" in a § 1983 action may be entitled to reasonable costs and attorneys' fees. *See* 42 U.S.C. § 1988(b). However, a defendant may only recover such fees in a § 1983 action if the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Crabtree v. Muchmore*, 904 F.2d 1475, 1477-79 (10th Cir. 1990)). This standard has been described as a "stringent one." *See Hughes*, 449 U.S. at 5.

An award is also proper where the plaintiff continues to litigate after it is clear that the claim is frivolous, unreasonable, or groundless. *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000) (quoting *Hughes*, 449 U.S. at 15-16). Further, the Court "consider[s] the *pro se* plaintiff's ability to recognize the objective merit of his or her claim" and that "[a]n

9

unrepresented litigant should not be punished for [her] failure to recognize subtle factual or legal deficiencies in [her] claims." *Olsen v. Aebersold*, 149 Fed. Appx. 750, 753 (10th Cir. Aug. 31, 2005) (unpublished opinion).

At this time, the Court declines to award attorneys's fees to Defendant because this section 1983 action is Ms. Bluff's first attempt to recover damages related to her criminal case. Nonetheless, Ms. Bluff is warned that should she continue making filings substantially similar to the instant action, that she will likely be required to pay attorney's fees incurred in responding to her filings. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss and to Award Attorney's Fees (Doc. # 6) is GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 10th day of  November, 2009.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE
Senior United States District Judge